## WILLIAMS v. CITY OF GALVESTON.
### (No. 9041.)

Court of Civil Appeals of Texas. Galveston.
July 6, 1927.

Rehearing Denied Sept. 20, 1927.

Master and servant ⬤⇒288(1), 289(1)—In personal injury action against city by garbage truck employee, evidence of city's liability held for jury as against defenses of contributory negligence and assumption of risk.

In personal injury action against city for injury suffered by one of its garbage truck employees while on duty, question of city's liability *held* for jury as against defenses of contributory negligence and assumption of risk in that employee placed himself in an improper and unsafe position, which defenses were not pleaded.

Error from District Court, Galveston County; J. C. Canty, Judge.

Action by John Williams against the City of Galveston. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Thos. H. Dent, of Galveston, for plaintiff in error.

Bryan F. Williams, of Galveston, for defendant in error.

PLEASANTS, C. J. This suit was brought by John Williams against the city of Galveston to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The petition alleges, in substance, that plaintiff, at the time he received the injuries of which he complains, was in the employment of defendant as a helper on one of defendant's garbage trucks, and while in discharge of the duties of his employment the side of the bed of the truck upon which he was riding fell out, and plaintiff, who was holding on to the side, was thrown out upon the street pavement and painfully injured. The negligence charged was "the carelessness and negligence of said defendant in failing to furnish said plaintiff with a safe place to do his work as an assistant on the garbage truck as aforesaid, and the negligence of said defendant in failing to insert the bolts and pins and to see to the bed of the truck being securely fastened and protected, and to see that the said truck was safe and secure."

It is further alleged that in the course of his employment it became necessary for the plaintiff to hold to the side of the bed of the truck, and that while he was at work on it and holding to the side of its bed "the bed of said truck gave away, and it fell over by reason of its not being properly bolted, pinned, and securely held together, and threw plaintiff out over the side of the said truck with great force and violence."

The defendant answered by general demurrer and general denial.

After hearing the evidence, the trial court instructed the jury to return a verdict for the defendant, and upon the return of such verdict a like judgment was rendered.

Under an appropriate assignment and proposition, plaintiff in error complains of the charge of the court instructing the jury to return a verdict for the defendant, on the ground that the evidence raised issues of fact upon the question of defendant's liability, and such issues should have been submitted to the jury.

We agree with plaintiff in error in this contention. No question is made by defendant in error as to the sufficiency of the evidence to sustain plaintiff's charge of negligence of the defendant in failing to have the side of

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the truck bed properly fastened, but it is very strongly urged that plaintiff's testimony, which is uncontradicted, shows that this negligence of the defendant was not the proximate cause of plaintiff's injury, but that such injury was caused by the voluntary act of plaintiff in placing himself in an improper and unsafe position on the truck when a suitable and safe position was available to him. We deem it unnecessary to set out or discuss the evidence. It is sufficient to say that, in our opinion, it only raises an issue of contributory negligence of plaintiff in holding on to the side of the truck for support in his standing position on the truck while it was in motion, rather than to go to the rear of the truck and hold to an iron rod which ran across the end of the truck, and if defendant had pleaded contributory negligence it could not be held that the evidence, as a matter of law, sustained the plea.

Defendant in error further insists that the judgment should be affirmed because the undisputed evidence shows that plaintiff assumed the risk of danger of using the insecure side of the truck for support. What we have said as to the force of the evidence upon the question of plaintiff's contributory negligence applies to the evidence upon the issue of assumed risk. If this defense had been pleaded, the evidence does no more than raise such issue, which the jury should have been permitted to determine.

It follows from these conclusions that the judgment should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.